UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS WITTE,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>CAROLYN YOUNG, JUDY CARVER,<br><br>　　　　　Defendants. | No.  2:14-cv-2439-TLN-EFB PS<br><br><br>ORDER AND FINDINGS AND<br>RECOMMENDATIONS |

This matter was before the court on January 7, 2015, for hearing on defendants' motions to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF Nos. 15, 16) and plaintiffs' motions for declarative and injunctive relief (ECF Nos. 7, 10).[1]  Attorney Stewart Katz appeared on behalf of defendant Judy Carver and attorney Serena Warner appeared on behalf of defendant Carolyn Young.  Plaintiff appeared pro se.  For the following reasons, it is recommended that defendants' motions to dismiss be granted and plaintiff's motions be denied.

I.　　Background

Plaintiff initiated this action on October 17, 2014.  Compl., ECF No. 1.  The complaint alleges that plaintiff was counsel for Steve Leus, the executor of an estate in a state probate court case.  *Id*. at ¶ 24.  In 2005, the probate court removed Mr. Leus as executor of the estate and

---

[1] This case, in which plaintiff is proceeding pro se, is before the undersigned pursuant to Eastern District of California Local Rule 302(c)(21).  *See* 28 U.S.C. § 636(b)(1).

1

1   appointed defendant Carolyn Young as successor administrator of the estate. *Id*. ¶ 18. Defendant
2   Judy Carver served as counsel for Young in the state probate proceedings. *Id*. ¶ 18.
3   　　　　The probate case ultimately settled, and in July 2007 Young filed a Petition for Settlement
4   of the Final Account and for Final Distribution. *Id*. ¶ 86. Plaintiff opposed Young's petition and
5   filed a motion for attorney's fees for legal work he performed on behalf of Mr. Leus prior to
6   Young's appointment as administrator of the estate. *Id*. ¶ 86. Although plaintiff was under a two
7   year suspension from the practice of law at the time at the time he filed his motion, he continued
8   representing himself pro se in pursuit of his attorney's fees. He filed various motions and
9   pleadings, noticed a deposition, and served discovery requests. Declaration of Thomas Witte ISO
10  Mot. for Declarative and Inj. Relief, ECF No. 9 at 34-43 (Ex. 2). To say the least, plaintiff was
11  aggressive in seeking his fees.
12  　　　　Eventually, plaintiff's tactics resulted in defendant Young, on behalf of defendant Carver,
13  filing a motion requesting the state court declare plaintiff a vexatious litigant and impose certain
14  pre-filing conditions on him. *Id*.; ECF No. 1 ¶ 27. On July 3, 2008, the state court granted the
15  motion and imposed pre-filing conditions on plaintiff. ECF No. 1 ¶ 27; ECF No. 9 at 29-53 (Ex.
16  2).
17  　　　　California State Bar disciplinary proceedings were subsequently initiated against plaintiff
18  in *In the Matter of Thomas Witte, Case No. 08-O-11755*. *Id*. ¶ 28. During these proceedings, the
19  July 3, 2008 order was used as evidence against plaintiff. *Id*. The State Bar ultimately
20  recommended to the California Supreme Court that plaintiff be disbarred from the practice of law.
21  *Id*. ¶ 29. That recommendation was adopted and plaintiff was disbarred in October 2012. *Id*.
22  Plaintiff contends, however, that he should not have been disbarred, as the State Bar was not
23  permitted to rely on the July 3 order. Accordingly to plaintiff, that order was inadmissible in the
24  disciplinary proceedings brought against him. *Id*. ¶ 28.
25  　　　　Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Young and Carver,
26  claiming that their role in both the probate proceedings that led to the vexatious litigant order, and
27  the state bar proceedings that led to his disbarment violated his federally protected rights and state
28  law. Specifically, plaintiff purports to allege the following claims for relief: (1) "deprivation of

right to practice law;" (2) "declarative & injunctive relief;" (3) "deprivation of right to petition;" and (4) breach of fiduciary duty. *Id*. at 9-31. Both defendants have moved to dismiss plaintiff's complaint for failure to state a claim. ECF Nos. 15, 16.[2]

II.     Motion to Dismiss

    A.     Rule 12(b)(6) Standards

To survive dismissal for failure to state a claim pursuant to Rule 12(b)(6), a complaint must contain more than a "formulaic recitation of the elements of a cause of action"; it must contain factual allegations sufficient to "raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading must contain something more . . . than . . . a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." *Id*. (quoting 5 C. Wright & A. Miller, *Federal Practice and Procedure* § 1216, pp. 235-236 (3d ed. 2004)). "[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. Dismissal is appropriate based either on the lack of cognizable legal theories or the lack of pleading sufficient facts to support cognizable legal theories. *Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

In considering a motion to dismiss, the court must accept as true the allegations of the complaint in question, *Hospital Bldg. Co. v. Rex Hosp. Trs.*, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the party opposing the motion, and resolve all doubts in the pleader's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421, *reh'g denied*, 396 U.S. 869 (1969).

Pro se pleadings are held to a less stringent standard than those drafted by lawyers. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972). Unless it is clear that no amendment can cure its defects, a pro se litigant is entitled to notice and an opportunity to amend the complaint before

---

[2] Plaintiff filed an opposition to the motions together with a request to file oppositions exceeding 15 pages. ECF No. 33. There is no rule, nor order from this court, limiting plaintiff's oppositions to 15 pages. Accordingly, plaintiff's request is denied as unnecessary.

dismissal. *Lopez v. Smith*, 203 F.3d 1122, 1127-28 (9th Cir. 2000); *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). However, although the court must construe the pleadings of a pro se litigant liberally, *Bretz v. Kelman*, 773 F.2d 1026, 1027 n. 1 (9th Cir. 1985), that liberal interpretation may not supply essential elements of a claim that are not plead. *Pena v. Gardner*, 976 F.2d 469, 471 (9th Cir. 1992); *Ivey v. Bd. of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982). Furthermore, "[t]he court is not required to accept legal conclusions cast in the form of factual allegations if those conclusions cannot reasonably be drawn from the facts alleged." *Clegg v. Cult Awareness Network*, 18 F.3d 752, 754-55 (9th Cir. 1994). Neither need the court accept unreasonable inferences, or unwarranted deductions of fact. *W. Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 1981).

In deciding a Rule 12(b)(6) motion to dismiss, the court may consider facts established by exhibits attached to the complaint. *Durning v. First Boston Corp.*, 815 F.2d 1265, 1267 (9th Cir.1987). The court may also consider facts which may be judicially noticed, *Mullis v. U.S. Bankr. Ct.*, 828 F.2d at 1338, and matters of public record, including pleadings, orders, and other papers filed with the court. *Mack v. South Bay Beer Distribs.*, 798 F.2d 1279, 1282 (9th Cir.1986).

  B.  Discussion

Defendants Young and Carver move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6), arguing that plaintiff's section 1983 claims fail because they are not state actors for purposes of that statute. ECF Nos. 15, 16. Additional, defendant Young argues that plaintiff's federal claims are barred by the Rooker-Feldman doctrine, the applicable statute of limitations, and the Noerr-Pennington doctrine. ECF No. 15-1 at 3-5, 8-11.

  1.  <u>42 U.S.C. § 1983</u>

To state a claim under § 1983, plaintiff must allege: (1) the violation of a federal constitutional or statutory right; and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988). "'Section 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrong.'" *Sutton v. Providence St. Joseph Med. Ctr.*, 192 F.3d 826, 835 (9th Cir. 1999) (quoting *Am. Mfrs. Mut. Ins. Co. v.*

4

1    *Sullivan*, 526 U.S. 40, 50, 119 S.Ct. 977, 143 L.Ed.2d 130 (1999)).  "When addressing whether a
2    private party acted under color of law, we therefore start with the presumption that private
3    conduct does not constitute governmental action."  *Sutton*, 192 F.3d at 835.

4    Four different tests have been articulated for determining whether a private party has acted
5    under color of state law: the public function test, the joint action tests, the governmental
6    compulsion or coercion test, and the governmental nexus test.  *Kirtley v. Rainey*, 326 F.3d 1088,
7    1092 (9th Cir. 2003).  In his opposition, plaintiff appears to first argue that defendants are state
8    actors under the joint action test.  ECF No. 34 at 15-25.  Joint action is only found where the
9    "state has so far insinuated itself into a position of interdependence with the private entity that it
10   must be recognized as a joint participant in the challenged activity.  This occurs when the state
11   knowingly accepts the benefits derived from unconstitutional behavior."  *Kirtley*, 326 F.3d at
12   1093.

13   Plaintiff argues that defendants are state actors within the meaning of § 1983 because
14   defendant Young was appointed by the state court as the administrator of estate in the probate
15   action and defendant Carver, as Young's attorney, was acting as Young's agent.  ECF No. 34 at
16   22.  Plaintiff explains that "[t]he State of California created and assumed the mandatory,
17   affirmative obligation to appoint a personal representative to assure the proper and lawful
18   administration of decedents' [sic] estate for the benefit of all persons interested in the estate,
19   including Plaintiff [].  The probate court appointed Young to fulfill those obligations, and Young
20   assumed and therefore possessed the power of a personal representative by virtue of state probate
21   law and the appointment."  *Id*. at 18.

22   Contrary to plaintiff's position, courts have routinely found that appointment by a court is
23   not sufficient to render a private party a state actor.  *Polk v. County of Dodson*, 454 U.S. 312, 325
24   (1981) (a private attorney, even if appointed and paid for by the state, is not acting under color of
25   state law when performing his or her function as counsel); *Simmons v. Sacramento County Super.*
26   *Ct.*, 318 F.3d 1156, 1161 (9th Cir. 2003).  Courts in other circuits have specifically held that
27   court- appointed personal representatives of estates are not state actors for purposes of § 1983.
28   *See Loyd v. Loyd*, 731 F.2d 393, 398 (7th Cir. 1984) (finding that a court-appointed personal

representative is not a state actor even though "the personal representative is appointed by the court and is acting pursuant to general authority inherent in the appointment and specific authority in the direction of individual administration acts."); *Cummings v. LaCorte*, 2010 WL 2710589, at * 3 (D.N.J. July 7, 2010) (court-appointed administrator of estate not a state actor); *Keeney v. Donatelli*, 2007 WL 475818, at * (E.D. Pa. Feb. 9, 2007) (court-appointed administrator for an intestate is not a state actor for purposes of section 1983); *Patterson v. Rodgers*, 708 F. Supp. 2d 225, 238-39 (D. Conn. 2010) (executors of estate not state actors); *Howard v. Brown*, 738 F. Supp. 508, 509 (S.D. Ga. 1988) (attorney acting as administrator and counsel for estate was not acting under color of state law). Accordingly, the mere facts that Young was appointed by the probate court as the administrator of the estate is insufficient to render Young and her attorney, defendant Carver, state actors.

Plaintiff further argues that defendants are state actors because they "acted together with the judge and clerk of the probate court to deprive Plaintiff of his right to petition." ECF No. 34 at 19. Plaintiff contends that the "probate court encouraged [defendants] to file the vexatious litigant motion by stating on the last day of trial that Plaintiff was practicing law without an active law license." *Id*. He claims that defendants and the probate court were "in a position of interdependence such that the deprivation of Plaintiff's right to petition could not be accomplished without both of their actions. The court needed Young to file the [vexatious litigant] motion and Young needed the court to grant the motion." ECF No. 34 at 15

Plaintiff has simply alleged that defendants engaged in law and motion practice before the probate court. Such conduct clearly is insufficient to render defendants state actors. A contrary finding would render every attorney litigating before a state court a state actor. Such a finding would directly conflict with Supreme Court precedent. *See Polk*, 454 U.S. at 325 (a private attorney, even if appointed and paid for by the state, is not acting under color of state law when performing his or her function as counsel).

Plaintiff also argues that defendants were state actors because defendants and the probate court judge filed a complaint against plaintiff with the State Bar. ECF No. 34 at 24; ECF No. 35 at 10. The mere fact that defendants and the state court judge filed complaints against plaintiff

6

1    does not demonstrate that they were joint participants. Instead, it merely suggests that both the
2    court and defendants believed plaintiff's conduct warranted disciplinary action by the state bar. It
3    does not demonstrate that the "state has so far insinuated itself into a position of interdependence
4    with the [defendants] that it must be recognized as a joint participant in the challenged activity."
5    *Kirtley*, 326 F.3d at 1093.

6    Furthermore, plaintiff's allegations that the probate court "encouraged [defendants] to file
7    the vexatious litigation motion by stating on the last day of trial that Plaintiff was practicing law
8    without an active law license" is insufficient to show that defendants are state actors under the
9    governmental compulsion test. State action may be found under the state compulsion test where
10   the state has "exercised coercive power or has provided such significant encouragement, either
11   overt or cover, that the [private actor's] choice must in law be deemed to be that of the State."
12   *Rendell-Bake v. Kohn*, 457 U.S. 830, 840 (1982) (quoting *Blum v. Yaretsky*, 457 U.S. 991
13   (1982)).

14   The probate court's statement that plaintiff was practicing law without an active law
15   license cannot rationally be construed as coercing defendants into filing a vexatious litigant
16   motion. Accordingly, defendants are not state actors under the government compulsion test.

17   As plaintiff has failed to allege any facts demonstrating that defendants were acting under
18   color of state law, his claims brought under section 1983 (counts I, II, III) must be dismissed.

19               2.      Rooker-Feldman Doctrine

20   Under the Rooker-Feldman doctrine, a federal district court does not have subject-matter
21   jurisdiction to hear an appeal from the judgment of a state court. *Exxon Mobil Corp. v. Saudi*
22   *Basic Indus. Corp.*, 544 U.S. 280, 283–84 (2005); *see also Dist. of Columbia Court of Appeals v.*
23   *Feldman*, 460 U.S. 462, 476 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415 (1923). The
24   Rooker–Feldman doctrine bars jurisdiction in federal district court if the exact claims raised in a
25   state court case are raised in the subsequent federal case, or if the constitutional claims presented
26   to the district court are "inextricably intertwined" with the state court's denial of relief. *Bianchi*
27   *v. Rylaarsdam*, 334 F.3d 895, 898–99 (9th Cir. 2003) (quoting *Feldman*, 460 U.S. at 483 n.16).
28   /////

Rooker–Feldman thus bars federal adjudication of any suit whether a plaintiff alleges an injury based on a state court judgment or directly appeals a state court's decision. *Id*. at 900 n. 4. The district court lacks subject matter jurisdiction either to conduct a direct review of a state court judgment or to scrutinize the state court's application of various rules and procedures pertaining to the state case. *Samuel v. Michaud*, 980 F. Supp. 1381, 1411–12 (D. Idaho 1996), *aff'd*, 129 F.3d 127 (9th Cir. 1997); *see also Branson v. Nott*, 62 F.3d 287, 291–92 (9th Cir. 1995) (finding no subject matter jurisdiction over section 1983 claim seeking, inter alia, implicit reversal of state trial court action). "That the federal district court action alleges the state court's action was unconstitutional does not change the rule." *Feldman*, 460 U.S. at 486. In sum, "a state court's application of its rules and procedures is unreviewable by a federal district court. The federal district court only has jurisdiction to hear general challenges to state rules or claims that are based on the investigation of a new case arising upon new facts." *Samuel*, 980 F. Supp. at 1412-13.

Here, plaintiff's section 1983 claims are "inextricably intertwined" with judgments render by the state courts. In his first claim—deprivation of right to practice law—plaintiff alleges that defendants submitted a declaration, together with the July 3 order, to initiate disciplinary proceedings against him with the State Bar. ECF No. 1 ¶ 31. Plaintiff claims this "deprived Plaintiff of his right to practice law without due process of law in violation of the Fourteenth Amendment because the findings of fact and conclusions of law set forth in [the] July 3 order were" not admissible in the State Bar proceeding. *Id*. ¶ 32.

Plaintiff's second claim for relief—declaratory and injunctive relief—specifically seeks an order requiring defendants to "[w]ithdraw and recant all written and oral statements, documents, testimony, declarations, opinions and any other form of communication made to the California Star Bar agents or employees, and refrain from producing such evidence in any legal proceeding in the future. *Id*. ¶ 60. Plaintiff further requests that this court declare that the July 3 order was inadmissible in the State Bar disciplinary proceedings. *Id*. ¶ 59.

As for plaintiff's third claim—deprivation of right to petition—plaintiff alleges that defendants took action to have a pre-filing order imposed upon Plaintiff which has no factual or legal basis, and have refused to stipulate to allow the pre-filing order to be vacated or removed.

*Id.* ¶ 63. He claims that as a result of the pre-filing order, he has been unable to appeal an attorneys' fee award that has been entered against him, and that he will continue to suffer harm if the pre-filing order is not vacated.

Plaintiff's first two claims specifically seek to invalidate the California Supreme Court's order disbarring plaintiff based on his contention that evidence submitted against him was inadmissible. Further, the injury of which he complains, the denial of his ability to practice law, is derived from the decision of the California Supreme Court to disbar him. For example, plaintiff alleges that he "sustained special, economic and financial damages including loss of wages and income, loss of earning capacity, and lost job opportunities." *Id.* ¶ 41; *see also id.* ¶ 57. These injuries are sustained from his inability to practice law, the result of the California Supreme Court's order. As plaintiff "alleges an injury based on a state court judgment," his first two claims are bared under the Rooker-Feldman doctrine. *See Bianchi*, 334 F.3d at 900 n. 4.

Plaintiff's third claim is predicated on his alleged inability to appeal an adverse award of attorney's fees, which is the result of the state court's pre-filing order. Indeed, plaintiff would not have suffered the alleged injury had the state court denied defendants' motion to declare him vexatious. Accordingly, plaintiff's third claim is "inextricably intertwined" with the state court's order.

In his opposition, plaintiff argues that he does not seek to disturb the California Supreme Court's order disbarring him, nor does he seek to invalidate the pre-filing order issued by the probate court. ECF No. 34 at 7-11. Aside from the fact that this contention is belied by the allegations in the complaint—as well as his two motions for declaratory and injunctive relief, which are briefly discussed below—it is clear that the harm plaintiff has suffered stems directly from state court orders. Accordingly, plaintiff's federal claims are barred by the Rooker–Feldman doctrine.[3] Accordingly, plaintiff's section 1983 claims must be dismissed with prejudice.

/////

---

[3] As plaintiff's claims are barred by the Rooker-Feldman doctrine, the court declines to reach Young's additional arguments.

9

### 3. State Law Claim

Plaintiff also asserts a state law claim for breach of fiduciary duty.

As plaintiff has failed to state a federal claim for relief, the court should decline to exercise supplemental jurisdiction over plaintiff's state law claims. *See Carlsbad Tech., Inc. v. HIF BIO*, Inc., 556 U.S. 635, 639–40 (2009); *Albingia Versicherungs A.G. v. Schenker Int'l Inc.*, 344 F.3d 931, 936 (9th Cir. 2003); 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a claim under subsection (a) if . . . the district court has dismissed all claims over which it has original jurisdiction."). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors to be considered under the pendent jurisdiction doctrine—judicial economy, convenience, fairness, and comity—will point toward declining to exercise jurisdiction over the remaining state-law claims." *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 351 (1988). Indeed, "[n]eedless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of the applicable law." *United Mine Workers of America v. Gibbs*, 383 U.S. 715, 726 (1966). Because all of plaintiff's federal claims must be dismissed, the court should decline to exercise supplemental jurisdiction over his state law breach of fiduciary duty claim.

### III. Motions for Declaratory and Injunctive Relief

Plaintiff has filed two separate but similar motions for declaratory and injunctive relief. ECF Nos. 7, 10. The first motion seeks an order declaring the enforcement of the pre-filing order against plaintiff unconstitutional. ECF No. 7 at 5. Plaintiff also seeks an injunction temporarily suspending the pre-filing order, and an order enjoining the enforcement of an attorneys' fee order issued in the Wells Fargo case. *Id*. at 6. In his second motion, plaintiff essentially seeks an order declaring that the July 3 order was improperly admitted as evidence in the State Bar disciplinary proceedings, directing defendants to recant and withdraw all statements made against plaintiff in state court proceedings, and enjoining defendants from making any further statements against plaintiff in any civil, criminal, administrative or regulatory proceedings. ECF No. 10.

/////

As noted above, plaintiff's challenges to the state court orders are barred by the Rooker-Feldman doctrine. Furthermore, plaintiff cannot demonstrate entitlement to injunctive relief. To prevail on a preliminary injunction, plaintiff must demonstrate either probable success on the merits and the possibility of irreparable injury, or serious questions regarding the merits of his claims and a balance of hardships tipping sharply in his favor. *Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1134 (9th Cir.1979). As indicated above, plaintiff's claims lack merit and must be dismissed. Accordingly, his motions for injunctive relief must be denied.

IV.   Conclusion

Accordingly, it is hereby ORDERED that plaintiff's motion to file oppositions exceeding 15 pages (ECF No. 33) is denied as unnecessary.

Further, it is RECOMMENDED that:

1. Defendants' motions to dismiss (ECF No. 15, 16) be granted;

2. Plaintiff's complaint be dismissed without leave to amend;

3. Plaintiff's motions for declaratory and injunctive relief (ECF Nos. 7, 10) be denied; and

4. The Clerk be directed to close this case.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: September 8, 2015.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE