UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| THOMAS WITTE,<br><br>             Plaintiff,<br><br>    v.<br><br>CAROLYN YOUNG and JUDY CARVER,<br><br>             Defendants. | No.  2:14-cv-02439 TLN EFB<br><br>**ORDER DENYING PLAINTIFF'S MOTION FOR A NEW TRIAL AND MOTION TO ALTER OR AMEND JUDGMENT** |

This matter is before the Court on Plaintiff Thomas Witte's Motion for a New Trial and Motion to Alter or Amend Judgment. (ECF No. 47.) Defendants Carolyn Young and Judy Carver (jointly "Defendants") filed separate oppositions to Plaintiff's motion. (ECF No. 49, 52.) Plaintiff filed a reply to the oppositions. (ECF No. 59.) The Court, after considering the briefing by both parties, hereby DENIES Plaintiff's Motion for a New Trial and Motion to Alter or Amend Judgment (ECF No. 47).

Plaintiff moves for a new trial under Federal Rule of Civil Procedure 59(a) ("Rule 59(a)"). (ECF No. 47.) Rule 59(a) provides in relevant part that " [t]he court may, on motion, grant a new trial on all or some of the issues – and to any party – as follows: (A) after a jury trial . . . (B) after a nonjury trial". "[A] Rule 59(a) motion for new trial is not available on claims or causes of actions for which Plaintiffs never received a trial." *Merrill v. County of Madera*, 389 Fed. Appx.

1  613, 615 (9th Cir. 2010).  Plaintiff's motion for a new trial is inappropriate because the Court
2  dismissed his claims pursuant to a motion under Rule 12(b)(6).  Federal Rule of Civil Procedure
3  12(b)(6) allows defendants to move to dismiss a complaint prior to litigation on the merits for
4  failing to state a claim upon which relief may be granted.  Here, Plaintiff's complaint was
5  dismissed with prejudice under Rule 12(b)(6) because Plaintiff could not allege any facts that
6  would make a § 1983 claim plausible.  (ECF No. 45.)  As such, Plaintiff's claims were never
7  litigated at a trial.  Accordingly, the Court DENIES Plaintiff's Motion for a New Trial under Rule
8  59(a).

9  Plaintiff further moves to alter or amend this Court's order adopting Magistrate Judge
10 Brennan's Findings and Recommendations (ECF No. 45) and dismissing Plaintiff's complaint
11 without leave to amend.  (ECF No. 47.)  Plaintiff moves to alter the judgment pursuant to Rule
12 59(e).  A motion to amend or alter a judgment under Rule 59(e) should not be granted "unless the
13 district court is presented with newly discovered evidence, committed clear error, or if there is an
14 intervening change in the controlling law." *Carol v. Nakatani*, 342 F.3d 934, 945 (9th Cir. 2003).
15 Having read and considered the Plaintiff's motion and reply, the Court cannot find that Plaintiff
16 presented new evidence, demonstrated clear error or established an intervening change in the
17 controlling law.  Consequently, the Court finds Plaintiff has failed to meet his burden and hereby
18 DENIES Plaintiff's Motion to Amend or Alter Judgment.
19     IT IS SO ORDERED.

21 Dated: September 27, 2016

                                             Troy L. Nunley
                                             United States District Judge